# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAWN N. EARLE,

     Plaintiff,

     v.                          Case No. 24-CV-1633

MANCHESTER VILLAGE OWNERS
ASSOCIATION INC, et al.,

     Defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS COMPLAINT

On December 18, 2024, Dawn N. Earle filed a complaint against Manchester Village Owners Association, Inc., Celestine Grace, and Jeff Katz alleging the defendants discriminated against her based on her disabilities and failed to reasonably accommodate her disabilities in connection with her housing and parking, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq*. Earle further alleges defendants intentionally deprived her of equal access to housing and retaliated against her for complaining of housing discrimination, in violation of the Fair Housing Act Amendments Act of 1988, 42 U.S.C. § 3604, *et seq*.

On April 9, 2025, defendants filed a motion to dismiss Earle's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Docket # 17.) As to the ADA claim, defendants argue that the ADA applies only to places of public accommodation and the complaint fails to allege that the Manchester Village condominium complex was a place of public accommodation. (Docket # 18 at 2.) As to the FHA claim, defendants argue that the complaint specifically alleges that the Association did not refuse to make Earle's requested

accommodations. (*Id.*) Defendants further argue Earle failed to attach various documents to her complaint that allegedly demonstrate that her claims have no merit. (*Id.* at 3.)

On April 29, 2025, Earle filed a response to defendants' motion to dismiss in which she requests the Court allow her to file an amended complaint correcting the alleged deficiencies in her original complaint. (Docket # 20.)

Earle's request for leave to file an amended complaint is unnecessary. Fed. R. Civ. P. 15(a)(1)(B) provides that a party "may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b) . . . ." As the comments to the 2009 amendment to Rule 15 state, this provision "will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 522 (7th Cir. 2015). In other words, Earle was entitled to file her amended complaint in response to Defendants' motion to dismiss without seeking leave to do so.

When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Thus, a plaintiff's amended complaint moots the pending motion to dismiss the original complaint. *See Aqua Finance, Inc. v. Harvest King, Inc.*, No. 07-C-15, 2007 WL 5404939, *1 (W.D. Wis. Mar. 12, 2007) ("Under normal circumstances, the filing of an amended complaint renders moot any pending motion to dismiss."). As such, I will deny as moot defendants' motion to dismiss Earle's original complaint. (Docket # 17.) Defendants must respond to Earle's amended complaint consistent with Fed. R. Civ. P. 15.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' motion to dismiss (Docket # 17) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 30th day of April, 2025.

BY THE COURT,

NANCY JOSEPH
United States Magistrate Judge